# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DENISE R. VASTA,

    **Plaintiff,**

v.                                                               Case No. 8:19-cv-864-T-30AAS

REVENUE MANAGEMENT
GROUP, LLC,

    **Defendant.**
_____/

## ORDER

This order follows Denise Vasta's response to the June 5th order to show cause. (Doc. 12). The June 5th order required Ms. Vasta to explain how her service on Revenue Management complied with the Federal Rules of Civil Procedure. (Doc. 11). That order also explained how a party seeking Clerk's default must provide enough information demonstrating that the opposing party was properly served. (*Id.* at 1) (citations omitted).

Ms. Vasta's response to the June 5th order to show cause fails to sufficiently demonstrate she properly served Revenue Management. Ms. Vasta explains her server used "nail and mail" service on Revenue Management. (Doc. 12, p. 2). According to Ms. Vasta, "nail and mail" service allows a party to serve a natural person "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served." (*Id.* at 2) (quoting New York law).

1

Although Ms. Vasta demonstrates "nail and mail" service is appropriate for natural persons, she failed to sufficiently demonstrate New York law allows "nail and mail" service on limited liability corporations, like Revenue Management. In fact, Ms. Vasta's counsel recognizes that uncertainty exists about whether a plaintiff may use "nail and mail" service on a limited liability corporation. (*See* Doc. 12, ¶11) (stating counsel "was not able to find definite authority" on whether "nail and mail" service could be used on a limited liability corporation); (*id.* at ¶12) (characterizing the question about whether "nail and mail" service is acceptable on a limited liability corporation as "uncertainty").

Considering the lack of "definite authority" and the "uncertainty" surrounding the "nail and mail" issue, Ms. Vasta alternatively requests an additional ninety days to use alternative service under Federal Rule of Civil Procedure 4. (Doc. 12, ¶14). Ms. Vasta requests permission to serve the New York Secretary of State. (*Id.*).

If the plaintiff establishes good cause for not serving the defendant within ninety days after filing the complaint, the court must extend the plaintiff's time for service "for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists when some outside factor prevented service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted). Ms. Vasta demonstrates good cause to extend her time to serve Revenue Management because of her server's difficulties in trying to serve an appropriate individual at Revenue Management.

A corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where . . . service is

made." Fed. R. Civ. P. 4(e)(1) & (h)(1)(A). According to Ms. Vasta, Revenue Management (a limited liability corporation) is based in New York. (Doc. 1, ¶12). New York allows a plaintiff to serve a corporation by delivering a copy of the summons and complaint to New York's Secretary of State. *Progressive Cas. Ins. Co. v. Excel Prods., Inc.*, 171 A.D.3d 812, 813 (N.Y. App. Div. 2019) (citing Business Corporation Law Section 306). Considering Ms. Vasta's difficulty in serving Revenue Management, allowing her to serve Revenue Management by delivering a copy of the summons and complaint to New York's Secretary of State is appropriate.

The following is **ORDERED**:

1. Ms. Vasta is **DISCHARGED** from the June 5th order to show cause.

2. Ms. Vasta's motion for entry of Clerk's default (Doc. 9) is **DENIED WITHOUT PREJUDICE**.

3. Ms. Vasta's request for an extension of time to serve Revenue Management is **GRANTED-IN-PART**. Ms. Vasta must serve Revenue Management by **July 15, 2019**.

4. Ms. Vasta's request for alternative service of process is **GRANTED**. Ms. Vasta may serve Revenue Management by delivering a copy of the summons and complaint to New York's Secretary of State.

**ENTERED** in Tampa, Florida, on June 14, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge