UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE R. VASTA,

    Plaintiff,

v.                                     Case No. 8:19-cv-864-T-30AAS

REVENUE MANAGEMENT
GROUP, LLC,

    Defendant.
_____/

## ORDER

Denise Vasta moves for additional time to serve Revenue Management. (Doc. 17). She also requests permission to use an alternative process to serve Revenue Management, namely service by publication. (*Id.*).

If the plaintiff establishes good cause for not serving the defendant within ninety days after filing the complaint, the court must extend the plaintiff's time for service "for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists when some outside factor prevented service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted). Good cause exists here because the New York secretary of state rejected Ms. Vasta's attempt to serve Revenue Management consistent with the June 14th order.

1

A corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where . . . service is made." Fed. R. Civ. P. 4(e)(1) & (h)(1)(A). According to Ms. Vasta, Revenue Management (a limited liability corporation) is based in New York. (Doc. 1, ¶12). New York allows a plaintiff to serve an individual by publication. *See Lancer Ins. Co. v. Saravia*, 967 N.Y.S. 2d 593, 597 (N.Y. Sup. Ct. 2013) (discussing Civil Practice Rule 316(a)). In relevant part, New York Civil Practice Rule 316 states:

> (a) Contents of order; form of publication; filing. An order for service of a summons by publication shall direct that the summons be published together with the notice to the defendant, a brief statement of the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default and, if the action is brought to recover a judgment affecting the title to, or the possession, use or enjoyment of, real property, a brief description of the property, in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served, for a specified time, at least once in each of four successive weeks . . . .
>
> . . .
>
> (c) Time of publication; when service complete. The first publication of the summons shall be made within thirty days after the order is granted. Service by publication is complete on the twenty-eighth day after the day of first publication, except that in a matrimonial action it is complete on the twenty-first day after the day of first publication.

The party serving by publication must publish the items listed in Civil Practice Rule 316(a) in a newspaper most likely to give the defendant notice.

*See In re Last Will of Maynard*, 983 N.Y.S. 2d 204, 2013 WL 6184036, at *2 (Sur. Ct. 2013) (discussing Civil Practice Rule 316(a)).

Ms. Vasta recognizes that, under New York law, service by publication may not be available against corporations. (Doc. 17, p. 3). But, considering Ms. Vasta's good faith efforts to serve Revenue Management so far, allowing service by publication is appropriate in this case. Therefore, the following is **ORDERED**:

1. Ms. Vasta's motion for additional time to serve Revenue Management and to effect alternative service (Doc. 17) is **GRANTED**.

2. By **August 23, 2019**, Ms. Vasta must publish her summons and the items listed below in the *Cheektowaga Bee* and *The Buffalo News*. Ms. Vasta must publish her summons and other items once a week for four weeks. Ms. Vasta's publication must include the following:

    a. the summons;

    b. a notice to Revenue Management;

    c. a brief statement of the nature of this action; and

    d. the sum of money for which judgment may be taken in case of default.

**ENTERED** in Tampa, Florida, on August 2, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge